FILED
2005 Mar-31 PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD LESHOURE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. CV-05-HS-218-S** |
| ) | |
| **WHITEFAB, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

The cause comes before the Court on the Motion to Dismiss (doc. 6), filed by the Defendant Whitefab, Inc. In the motion, the Defendant argues that the Plaintiff has failed to state a claim and moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).

The standard for surviving a motion under Rule 12(b)(6) motion is extremely low. *See Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)). The court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa,* 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359,

1367 (11th Cir. 1998)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

Plaintiff brings this action solely under section 1981, title 42 of the United States Code.  (*See* doc. 8 wherein the Plaintiff disclaims any claims under Title VII, 42 U.S.C.A. §§ 2000e, *et seq*.)  He alleges that the Defendant subjected him to a racially hostile work environment. The Plaintiff's claim is based on the following facts:

> [F]or years [Leshoure] has seen, almost every day, the racial epitaph [sic] on the wall(s), which say, to the effect, "all white-no black, welcome to hell," and "all white-no black."  He claims that although he did not report this to management, he claims that one Martin Phillips did, on to-wit, April 8 and April 21, 2004.  Plaintiff claims that management did not paint over the racial epitaph [sic] until months after it had been reported and he had to continuously walk by it.  Plaintiff claims that it was offensive and humiliating to have to work in a company that had a racially charged atmosphere.  Plaintiff claims that

>he had to secretly take the pictures for fear of being terminated. Plaintiff claims that he did not report racial hostility because he was afraid of termination.

(Complaint, doc. 1, ¶ 5.)

A claim for racial harassment due to a racially hostile work environment must allege harassing conduct sufficiently severe or pervasive to alter the terms and conditions of employment. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). The requirement contains both an objective and subjective component. *Id.* The subjective component requires an allegation that the victim subjectively perceives the environment to be abusive. *Id.* Here, Leshoure specifically alleges that "it was offensive and humiliating to have to work in a company that had a racially charged atmosphere." (*See* Complaint, doc. 1, ¶ 5.) The subjective component therefore is met.

To evaluate whether Leshoure's allegations meet the objective component, the Court must consider, *inter alia*: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Miller*, 277 F.3d at 1276.

Leshoure's allegations satisfy the first factor. Leshoure claims he was subjected to the racially hostile graffiti on a daily basis. Leshoure's allegations

regarding the remaining three factors, however, are inadequate.

Regarding the second and third factors, the graffiti was not physically threatening, objectively humiliating, or severe. First, the graffiti does not make a threat of physical violence. Second, the graffiti was not humiliating or severe in an objective sense. As mentioned above, Leshoure alleges that he found the graffiti to be subjectively humiliating, but the requirement of subjective humiliation is distinct from that of objective humiliation. In determining whether conduct is objectively humiliating, the Supreme Court and the Eleventh Circuit instruct that mere offensive utterances are not actionable. "The Supreme Court has instructed that Title VII is only implicated in the case of a workplace that is 'permeated with discriminatory intimidation, ridicule, and insult,' not where there is 'the mere utterance of an … epithet.'" *Id.* (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). In the Complaint, Leshoure himself describes the basis of his claim of harassment as the presence of a "racial epitaph [sic] on a wall." (Complaint, doc. 1, ¶ 5.) Applying the distinction identified in *Harris* and *Miller*, Leshoure's allegations clearly involve the sort of "off-hand comments" and "mere utterances of an … epithet" that were described as unactionable. *See Harris*, 510 U.S. at 21; *Miller*, 277 F.3d at 1277. Based upon this guidance, the Court concludes, as a matter of law, that the graffiti statements "all white-no black, welcome to hell" and "all white-no black" were not

intimidating, objectively humiliating, or severe.

With respect to the fourth factor, Leshoure failed to allege facts supporting the conclusion that the graffiti unreasonably interfered with his job performance. To the contrary, Leshoure alleges that he performed his job "for years" while the graffiti was on the workplace walls. Consequently, Leshoure's allegations fail to satisfy the fourth factor for meeting the objective component of a hostile work environment claim.

Assessing the totality of the circumstances, the Court concludes that Leshoure has failed to allege a racially hostile work environment. While no single factor is dispositive in alleging an actionable claim, *see Miller*, 277 F.3d at 1277, Leshoure has satisfied only one of four. Even under the lenient standards applicable to a 12(b)(6) motion, Leshoure has failed to state a claim.

Accordingly, the Defendant Whitefab, Inc.'s motion to dismiss the Complaint is due to be **GRANTED**. A separate order will be entered.

**DONE** and **ORDERED** this 31st day of March, 2005.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge